The only portion of the determination of the Commissioner of Agriculture and Markets challenged in this proceeding relates to an attack by dogs of unknown ownership on poultry owned by petitioner on November 10, 1948. Petitioner claims that the evidence at the hearings establishes that ninety-seven valuable fowls used for breeding purposes were killed by dogs on .that date, and the commissioner has found that seven such fowls were killed. Section 118 of the Agriculture and Markets Law imposes upon an assessor or the assessors of the town the duty of inquiring into the matter and determining the amount of damage in the first instance. This statute provides, among other things, that the assessor “ shall examine the animals injured or killed,” and “shall determine the amount of the damages actually apparent at the time ”. Fowls are included in the statutory definition of “ domestic animals ”. (Agriculture and Markets Law, § 107.) Pursuant to" a notice from petitioner, two assessors visited the premises involved on the morning following the attack. With the aid of petitioner they were able to find the bodies or parts of bodies of only seven fowls and fixed the number killed at seven. Petitioner testified that he counted the fowls two days before the attack and by counting those remaining afterward deduced that ninety-seven had been killed. In the absence of statute petitioner would have no right of recovery. The statute grants a special indemnity for a particular t;rpe of loss and in so doing provides the manner in which the loss shall be established. Only a question of fact is involved and the evidence sustains the determination made. .The determination is unanimously confirmed, without costs. Present — Foster, P. J., Heffernan, Brewster, Deyo and Coon, JJ.